938 [1994], *lv denied* 85 NY2d 943 [1995]). Finally, defendant failed to preserve for our review his contention that he was denied a fair trial on the ground that the court failed to address the issue of the victim's hostility toward defense counsel by, e.g., instructing the victim to refrain from making certain remarks (*see* CPL 470.05 [2]), and that contention is without merit in any event. Present—Scudder, P.J., Martoche, Centra and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. OWENS, Appellant. (Appeal No. 1.) [825 NYS2d 651]— Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered November 12, 2003. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed. Present—Scudder, P.J., Martoche, Centra and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. OWENS, Appellant. (Appeal No. 2.) [825 NYS2d 651]— Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered November 12, 2003. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed. Present—Scudder, P.J., Martoche, Centra and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IAN SNAGG, Also Known as "LOVE," Appellant. [825 NYS2d 874]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered April 25, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the first degree and conspiracy in the second degree.

It is hereby ordered that said appeal from the judgment insofar as it imposed sentence be and the same hereby is